**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEW YORK ex rel. NICHOLS, <br><br> Plaintiffs, <br><br> v. <br><br> COMPUTER SCIENCES CORPORATION and CITY OF NEW YORK, <br><br> Defendants. | 12 Civ. 1750 (JSR)(DCF) <br><br><br> STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND THE RELATOR |

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States (the "Government"), by its attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, and the relator Oma Nichols, as personal representative of the Estate of Vincent Forcier ("Relator" and, together with the Government, the "Parties"), through her counsel;

WHEREAS, on or about March 10, 2012, Vince Forcier, the relator who is now deceased, filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq*. (the "FCA"), alleging, *inter alia*, that defendants Computer Sciences Corp. ("CSC") and New York City (together, the "Defendants")violated the FCA, and CSC violated the New York False Claims Act, in connection with submitting claims to New York's Medicaid program ("NY-Medicaid") for early intervention program services (the "Relator Action");

WHEREAS, on or about October 27, 2014, the Government filed a complaint-in-intervention ("US Complaint") against Defendants;

WHEREAS, on or about September 6, 2016, the Government filed an amended complaint (the "Amended US Complaint"), which alleged that Defendants violated federal and state regulations prohibiting the submission of claims to NY-Medicaid before having undertaken reasonable measures to obtain private insurance coverage and that CSC violated federal and state regulations prohibiting incentive payment arrangements for billing agents and fraudulently induced NY-Medicaid to enroll it as a Medicaid provider (the "Covered Conduct");

WHEREAS, on or about June 26, 2020, the Government, co-plaintiff New York State, CSC, and Relator entered into a Stipulation of Settlement and Dismissal (the "CSC Settlement Agreement"), pursuant to which CSC agreed to pay $860,435.00 (the "CSC-US Settlement Amount") to resolve the Government's claims against CSC for the Covered Conduct;

WHEREAS, on or about July 28, 2020, the Government, defendant New York City, and Relator entered into a Stipulation of Settlement and Dismissal (the "NYC Settlement Agreement"), pursuant to which New York City agreed to pay $925,000.00 (the "NYC Settlement Amount") to the Government to resolve the Government's claims against New York City for the Covered Conduct;

WHEREAS, Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), she is entitled to receive a portion of the amounts due the Government under the NYC Settlement Agreement and the CSC Settlement Agreement (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the Government of the full payment of the CSC-US Settlement Amount under the CSC Settlement Agreement, and within a reasonable time of such receipt, the Government will pay Relator, c/o Shelley Slade, Esq., as attorneys for the Relator ("Relator's Counsel"), the sum of one hundred and ninety-three thousand and five hundred ninety-seven dollars and eighty-seven cents ($193,597.87), i.e., 22.5% of the CSC-US Settlement Amount, in accordance with written instructions provided by Relator's Counsel. The obligation to make the payment to Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the Government of the payment of the CSC-US Settlement Amount as required by the CSC Settlement Agreement. In the event that CSC fails to make the payment required by the CSC Settlement Agreement, the United States shall have no obligation to make any payment to Relator pursuant to this Paragraph.

2. Contingent upon receipt by the Government of full payment of the NYC Settlement Amount under the NYC Settlement Agreement, and within a reasonable time of such receipt, the Government will pay Relator, c/o Shelley Slade, Esq., as attorneys for the Relator ("Relator's Counsel"), the sum of two hundred and eight thousand and one hundred twenty-five dollars ($208,125.00) i.e., 22.5% of the NYC Settlement Amount, in accordance with written instructions provided by Relator's Counsel. The obligation to make the payment to the Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the Government of the payment of the NYC Settlement Amount as required by the NYC Settlement Agreement. In the event that NYC fails to make the payment required by the NYC Settlement Agreement, the United States shall have no obligation to make any payment to Relator pursuant to this Paragraph.

3. Relator, for herself and her heirs, successors, attorneys, agents, and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the NYC Settlement Agreement or the CSC Settlement Agreement, including but not limited to

the NYC Settlement Amount or the CSC-US Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

4. In agreeing to accept payment of the Relator's shares set forth in Paragraphs 1 and 2 above, and upon payment thereof, Relator, for herself and her heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the Government and its agencies, officers, employees, servants, and agents arising from or relating to the CSC Settlement Agreement or NYC Settlement Agreement or any claim in the Relator's Action or the Amended US Complaint.

5. This Relator Stipulation does not resolve or in any manner affect any claims the Government has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

6. The Government and Relator agree that if the CSC Settlement Agreement or NYC Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator Stipulation is null and void.

7. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

8. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

9. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator

Stipulation.

10. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: July 28, 2020
New York, New York

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____
LI YU
ARASTU CHAUDHURY
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2734/2633
Fax: (212) 637-2686
*Attorney for the Government*

5

Dated: 7-24, 2020
     July ___, 2020

By: _____
    Oma Nichols
    As Personal Representative of
    the Estate of Vincent Forcier
    *Relator*

Dated: Washington, D.C.
     July 27, 2020

VOGEL SLADE & GOLDSTEIN, LLP

By: _____
    SHELLEY SLADE, ESQ.
    1300 Connecticut Ave., #701
    Washington, DC 20036
    *Attorneys for Relator*

SO ORDERED:

_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: 7/28/, 2020

6